No. 1641.—STATE OF LOUISIANA ex rel. E. DURRIVE v. RECORDER OF MORTGAGES.

The right to have a mortgage canceled can not be tested before the courts unless all those having an interest be made parties.

The sale of the property of a bankrupt by the assignee does not operate a release of the mortgages and attach them to the proceeds.

APPEAL from the Fifth District Court of New Orleans. *Leaumont*, J. E. *Bermudez*, for plaintiff and appellee, *Hornor & Benedict*, for Recorder, appellant.

HOWELL, J. Edward Durrive, alleging that he has been discharged under the bankrupt act of second March, 1867, by the United States District Court, District of Louisiana, from all debts and claims, which by said act are made provable against his estate, and which existed on the twentieth July, 1867, prayed for a mandamus directing the Recorder of Mortgages for the city and parish of Orleans to erase the inscriptions of two judgments rendered against the relator, one on the fourth of April, 1863, in favor of N. Lecanu, James Plaisant subrogated, and the other on the fifth of May, 1863, in favor of Leon &

André, and duly recorded, both the said creditors having been made parties to the proceedings in bankruptcy.

The Recorder of Mortgages filed several exceptions, of which we will notice the following, although we can see no interest which the relator has in the matter, because the proper parties in interest have not been made parties to these proceedings.

It is well settled that the right to have a mortgage canceled can not be tested, unless those having a real or pretended interest be made parties. 5 L. 329; 6 R. 299; 8 R. 97; 11 R. 177; 2 A. 114. But in the case of Erwin v. Bank of Kentucky, 5 A. p. 4, it was held that when the evidence shows that the debt secured by the mortgage has been paid, the original mortgagee has no interest and need not be made a party to the proceeding for the erasure of the mortgage. In this case, however, the record does not show that the judgments in question have been paid; and by the bankrupt act there are certain debts from which and certain contingencies in which the bankrupt shall not be discharged, (sections 29 and 33); and under section fourteen of said act "the assignee shall have authority, under the order and direction of the court, to redeem or discharge any mortgage or conditional contract or pledge or deposit, or lien upon any property, real or personal, whenever payable, and to tender due performance of the condition thereof or to sell the same, *subject to such mortgage*, lien or other incumbrances." There is no allegation in plaintiff's petition that these judgments have been paid, and it may be that the property has been sold subject to the judicial mortgages. The bankrupt act does not provide that the sale of the property shall operate a release of the mortgages and attach them to the proceeds. On the contrary, it seems from the above clause that the assignee has authority under the direction of the court only to redeem or discharge the mortgage, or sell the property subject to the same. Section fifteen confirms this view, as. it directs that "he shall sell all such *unincumbered* estate, real or personal, which comes into his hands, on such terms as he thinks most for the interest of the creditors." It is manifest that the exception was well taken.

It is therefore ordered that the judgment appealed from be reversed; that the exception of the defendant be maintained, and the proceedings herein be dismissed at the costs of relator in both courts.